## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Larry Dean Horton,<br>on behalf of himself and all others<br>similarly situated<br><br>                 Plaintiff,<br><br>              v.<br><br>ClearPath Lending, Inc.<br><br>                Defendant. | Case No. _____ |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant ClearPath Lending, Inc. ("ClearPath") files this Notice of Removal to remove the above-captioned civil action now pending in the District Court of the Fourth Judicial District, Hennepin County, Minnesota. In support of this Notice of Removal, ClearPath states:

1. Plaintiff Larry Dean Horton filed this action in Hennepin County District Court, captioned as *Larry Dean Horton, on behalf of himself and all others similarly situated v. ClearPath Lending, Inc.*, Case No. 27-cv-18-5480, on April 3, 2018 (hereinafter, the "Action").[1]

2. ClearPath was served with the Class Action Complaint and Civil Summons in the Action on March 30, 2018.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), as it is

---

[1] Plaintiff's Summons and Complaint are dated March 29, 2018. The case docket states that the Summons and Complaint were filed on April 3, 2018.

filed within thirty days of ClearPath's receipt of the initial pleading purporting to set forth the claim for relief on which this Action is based.

4. ClearPath is filing herewith a copy of the state court filings, including copies of all process, pleadings, orders and other documents with which it has been served, attached as Exhibits A and B hereto.[2]

5. Pursuant to 28 U.S.C. §§ 103, 1441(a) and 1446(a), this Notice of Removal is being filed in the United States District Court for the District of Minnesota, which is the Federal District Court embracing the state court where the Action was filed.

6. This Notice of Removal is signed by counsel for ClearPath pursuant to Fed. R. Civ. P. 11.

7. Pursuant to 28 U.S.C. § 1446(d), ClearPath is filing a Notice of Filing of Notice of Removal with the clerk of the District Court for the Fourth Judicial District for the State of Minnesota, Hennepin County, attached as Exhibit C hereto. ClearPath will promptly serve the same upon Plaintiff.

8. No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

9. ClearPath reserves all defenses including, without limitation, affirmative defenses set forth in Fed. R. Civ. P. 12.

10. ClearPath reserves the right to amend or supplement this Notice of Removal.

---

[2] The parties previously agreed to extend the time required for ClearPath to answer, move, or otherwise respond to Plaintiff's Complaint from April 19, 2018 to May 21, 2018. The Hennepin County District Court entered an order granting the stipulation on April 23, 2018. *See* Exhibit B.

11. Should Plaintiff seek to remand this case to state court, ClearPath respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides that remand is proper, ClearPath asks that the Court retain jurisdiction and allow ClearPath to file a motion asking this Court to certify any remand order for interlocutory review by the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

## Federal Question Jurisdiction

12. Plaintiff's Complaint expressly asserts a federal statutory claim (Count IV) arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, and seeks damages and other remedies that arise under that law. *See* Exhibit A, Compl. ¶¶ 76–79. Additionally, Plaintiff asserts a state statutory claim (Count III) under Minnesota's Mortgage Originator and Servicer Licensing Act, Minn. Stat. §§ 58.01, *et seq.*, which is predicated, in part, upon ClearPath's alleged violation of TILA. *See* Exhibit A, Compl. ¶ 74.

13. Plaintiff asserts additional state statutory claims under the Mortgage Originator and Servicer Licensing Act, as well as under Minnesota's Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43, *et seq.*, and Minnesota's Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68, *et seq. See* Exhibit A, Compl. ¶¶ 56–63, 64–69, 70–75.

14. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, because Plaintiff's TILA claims arise under the laws of the United States. Thus, removal of Plaintiff's TILA claims is appropriate under 28 U.S.C. § 1441(a).

15. The state law claims contained in the Complaint are also appropriate for removal pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367(a), as provided for by 28 U.S.C. § 1441(c).

16. Accordingly, ClearPath is entitled to remove this Action under 28 U.S.C. § 1441.

Diversity Jurisdiction[3]

17. Mr. Horton is the only named plaintiff in the putative class. The Complaint avers that he is a resident of Minneapolis, Minnesota. Exhibit A, Compl. ¶ 2. ClearPath is the only named defendant in this action. The Complaint avers that ClearPath is incorporated in California, and has its principal place of business in Irvine, California. Compl. ¶ 3. Accordingly, the Complaint alleges that complete diversity exists between the parties.

18. Where removal is sought on the basis of diversity jurisdiction but no specific

---

[3] Although adequate grounds for removal already exist because of Plaintiff's federal claims and ClearPath is not required to state all grounds for removal in the Notice of Removal, out of an abundance of caution, ClearPath raises diversity jurisdiction as an additional ground for removal, despite the fact that Plaintiff has not yet stated a specific dollar amount in controversy. *See Ritchie Capital Mgmt., L.L.C. v. Opportunity Fin., L.L.C.*, 511 B.R. 603, 608 (D. Minn. 2014) (adopting *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006), which held, "[o]nce a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice"). ClearPath reserves the right to supplement or amend this Notice of Removal in the event additional information is learned at a later date (*e.g.*, an amount in controversy is later stated), as permitted by 28 U.S.C. § 1446.

amount is demanded in the initial pleading, the defendant may assert the plausible amount in controversy if the initial pleading (a) seeks nonmonetary relief, or (b) seeks a money judgment, but (i) the State practice does not permit a demand for a specific sum, or (ii) the State practice permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446(c)(2)(A).

19. Under Minn. R. Civ. P. 8.01, a plaintiff must state *some* amount in controversy if a recovery of damages is sought. If unliquidated damages are demanded in an amount less than $50,000, that specific amount must be stated. If unliquidated damages are demanded in an amount in excess of $50,000, the plaintiff should simply state as such. Plaintiff's Complaint fails to do either.

20. In any event, Plaintiff seeks both monetary and nonmonetary relief, the plausible value of which exceeds $75,000. *See Hillesheim v. Casey's Retail Co.*, No. 16-CV-0061, 2016 WL 3676164, at *2 (D. Minn. July 6, 2016) ("What matters is what is *possible*, not what is *likely*; if it is possible for the plaintiff to recover more than $75,000, the amount-in-controversy requirement is met." (emphasis in original)).

21. Specifically, Plaintiff seeks equitable relief in the form of a rescission of his current mortgage and a restoration of his previous mortgage. *See* Exhibit A, Compl. ¶ 75 (seeking "a return to fixed interest rates no higher than the prior loans refinanced by Defendant"); *id.* Prayer for Relief, ¶ E (asking the court to "order Defendant to restore Plaintiffs to the loan position they had prior to Defendant's [alleged conduct], including, if necessary, replacing adjustable rate loans with fixed rate loans"). For such a demand, "the amount in controversy is measured by the value of the object of the litigation." *James Neff*

*Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005); *see also Helvig v. Ocwen Loan Serv., LLC*, No. 17-1199, 2017 WL 3130373, at *1–2 (in an action for injunctive relief involving a mortgage, finding the fair market value of a property and/or the outstanding debt on a mortgage as appropriate measures to determine an amount in controversy). According to Plaintiff's Complaint, the fair market value of the property at issue was $160,000, and the outstanding debt amount on Plaintiff's 30-year mortgage was $134,569, as of the April 6, 2017 closing. Exhibit A, Compl. Ex. 5, pg. 1; *id.* ¶¶ 34, 40.

22.  Accordingly, removal is also appropriate because this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), as complete diversity exists between the named plaintiff and named defendant, and the plausible amount in controversy exceeds $75,000.

23.  To the extent the Court does not have an independent basis for original jurisdiction over certain putative class members' claims, those claims are also appropriate for removal pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367(b), as provided for by 28 U.S.C. § 1441(c).

24.  Thus, ClearPath is entitled to remove this Action under 28 U.S.C. § 1441.

WHEREFORE, ClearPath Lending, Inc. requests that the above-described action pending against it be removed to this Court. ClearPath also requests all other relief, at law or in equity, to which it is justly entitled.

| | |
|---|---|
| Dated: April 27, 2018 | BERENS & MILLER, P.A.<br><br>By:  s/Barbara Podlucky Berens<br>Barbara Podlucky Berens (MN #209788)<br>Erin K. F. Lisle (MN #238168)<br>80 S. 8TH Street, Suite 3720<br>Minneapolis, MN 55402<br>Telephone: (612) 349-6171<br>Facsimile: (612) 349-6416<br>bberens@berensmiller.com<br>elisle@berensmiller.com<br><br>VENABLE LLP<br><br>Allyson B. Baker (*pro hac vice to be filed*)<br>Daniel S. Blynn (*pro hac vice to be filed*)<br>Meredith L. Boylan (*pro hac vice to be filed*)<br>Mary M. Gardner (*pro hac vice to be filed*)<br>Michael J. Marusak* (*pro hac vice to be filed*)<br><br>600 Massachusetts Ave., NW<br>Washington, DC 20001<br>Telephone: (202) 344-4000<br>Facsimile: (202) 344-8300<br>abbaker@venable.com<br>dsblynn@venable.com<br>mlboylan@venable.com<br>mmgardner@venable.com<br>mmarusak@venable.com<br><br>*Counsel for Defendant ClearPath Lending, Inc.*<br><br>*\*Attorney is admitted in Maryland only, and practicing under the supervision of Venable partners in Washington, DC.* |